IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-405-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | O R D E R |
| JESUS ELIEZER GONZALEZ ACEVEDO, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the Bureau of Prison's request for extension of time to continue competency restoration treatment pursuant to 18 U.S.C. § 4241(d)(2). Pursuant to this court's July 24, 2018 order, Acevedo was committed to the Federal Medical Center, Butner North Carolina, (FMC) for purposes of psychiatric treatment to restore competency. The court further directed that at the end of the four-month commitment period, FMC mental health staff complete and submit a report to the court regarding Acevedo's competency status. FMC staff have completed the requested report and the report indicates that Acevdeo continues to suffer from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(d). However, FMC mental health staff opine that there is a substantial probability that he will attain the capacity to permit the proceedings to go forward if the court permits an additional 120 days of treatment. *See id.* (allowing for additional commitment period where a substantial probability exists that the defendant will attain capacity within the requested time frame).

The parties do not dispute the findings in the report and agree that an additional 120 days

of treatment are warranted.[1] The court agrees with the FMC mental health staff that a substantial probability exists that the defendant will attain capacity if committed for an additional 120 days, and adopts the findings of the report herein.

Accordingly, it is ORDERED that the defendant is COMMITTED to the custody of the Attorney General for hospitalization in FMC Butner for an additional 120 days. Any period of delay as a result of the psychiatric examination is in the best interests of the government and the defendant and shall be excluded from the speedy trial computation pursuant to 18 U.S.C. § 3161(h). The court finds that the ends of justice served by the psychiatric study outweigh the interests of the Defendant and the public in a speedy trial.

At the conclusion of that period of time, the mental health care provider conducting or overseeing his treatment shall prepare and submit to the court a written report, with copies provided to counsel for the defendant and for the Government, detailing his or her professional observations, conclusions and recommendations regarding whether Acevdeo's mental condition is so improved that trial may proceed or whether the defendant remains incompetent to proceed.

In the event Acevdeo is not competent to proceed at the end of this evaluation period, the court requests that FMC staff provide a clinical prognosis regarding whether additional commitment is warranted under 18 U.S.C. § 4241(d). In the event Acevdeo regains competency, the director of FMC Butner shall provide a certificate of competency to the Clerk of Court,

---

[1]The court has conferred with counsel via telephone conference and does not see the need for a formal hearing in light of counsels' agreement that the additional 120 are necessary to restore competency and the detailed findings contained in the report. The language of § 4241(d) does not require a hearing in these circumstances, and the court has found no authority suggesting that a hearing is required before extending the commitment period under 18 U.S.C. § 4241(d). If the parties believe a hearing is necessary, however, the court will schedule one.

2

Eastern District of North Carolina, pursuant to 18 U.S.C. § 4241(e). The court will then schedule a hearing to determine the competency of the defendant pursuant to the provisions of 18 U.S.C. § 4247. 18 U.S.C. § 4241(e).

So ordered, the 30th day of January 2019.

Robert B. Jones, Jr.
United States Magistrate Judge