IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-405-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| JESUS ELIEZER GONZALEZ ACEVEDO, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the Bureau of Prison's most recent psychiatric report. [DE–36]. Medical staff at FMC Butner opine that Defendant is not competent to stand trial as a result of a mental disease and defect and that it is not substantially probable that Defendant will regain competence in the foreseeable future. For the reasons that follow, the court adopts the findings in the most recent psychiatric report and finds that Defendant's condition is not so improved as to permit the proceedings to go forward. However, the court DIRECTS FMC Butner medical staff to evaluate whether Defendant meets criteria for possible civil commitment under 18 U.S.C. § 4246.

## I. FACTUAL AND PROCEDURAL HISTORY

Defendant was charged in an Indictment [DE–1] with one count of maliciously attempting to damage and destroy, by means of fire, a building that was used in an activity affecting interstate commerce, namely, the Campground United Methodist Church, in violation of 18 U.S.C. § 844(i). On December 18, 2017, the government moved for a determination of Defendant's competency, to which Defendant did not object. [DE-11, -19]. On December 21, 2017, the court ordered Defendant committed to the custody of the Attorney General for evaluation, in accordance with 18 U.S.C. § 4241 *et seq.*, for the purpose of determining whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and

consequences of the proceedings against him or to assist properly in his defense. [DE-20].

On May 21, 2018, Defendant's initial Forensic Report was received by the court. [DE-26]. FMC medical personnel opined that Defendant's present condition compromised his ability to assist his attorney in his defense but that, with further treatment and more education about specific proceedings, Defendant's condition may improve to permit his case to proceed with adjudication. *Id.* This court held a competency hearing on July 23, 2018, in accordance with 18 U.S.C. §§ 4241 and 4247(d). [DE-31]. At the hearing, the government argued the findings contained in the Forensic Report, and Defendant did not contest the findings contained in the report and offered no evidence to the contrary. The court found that Defendant was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. [DE-32]. The court directed Defendant committed to the custody of the Attorney General for hospitalization for purposes of psychiatric treatment to restore competency. *Id.*

On January 23, 2019, staff at Federal Medical Center, Butner, North Carolina, ("FMC Butner") submitted a report indicating that Defendant continued to suffer from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. [DE-34]. However, FMC medical staff opined that there is a substantial probability that Defendant would attain the capacity to permit the proceedings to go forward if the court permitted an additional 120 days of treatment. *Id.* On January 30, 2019, the court convened a telephonic conference with counsel during which neither party disputed the findings of the report or the request for additional time for Defendant's evaluation. The court agreed with the FMC medical staff that a substantial

probability exists that the defendant would attain capacity if committed for an additional 120 days, and ordered Defendant committed the custody of the Attorney General for hospitalization in FMC Butner for an additional 120 days. [DE-35].

On June 14, 2019, the court received Defendant's Forensic Evaluation, dated May 23, 2019. [DE-36]. According to this most recent evaluation, Defendant suffers from a mental disease and defect, namely schizoaffective disorder and borderline intellectual functioning, which interfere with his competency to stand trial. FMC medical staff opine that Defendant is not presently able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Although the report notes that with consistent medication compliance Defendant's psychotic symptoms are currently in partial remission, his remaining symptoms in combination with his borderline intellectual functioning interfere with his competency related abilities. According to the report, it is not likely that such symptoms will improve over time or that he will be restored to competency in the future.

On June 19, 2019, the court held a telephonic conference with counsel regarding Defendant's May 23, 2019 Forensic Evaluation. Counsel advised they had received and reviewed Defendant's evaluation prior to the conference. Neither counsel objected to the findings and conclusions reached by FMC medical staff contained in the evaluation. The court indicated that it would likely commit Defendant for additional evaluation pursuant to 18 U.S.C. § 4246 in the event that Defendant is found not competent to proceed and invited responses from counsel on that proposal as well. Neither counsel objected or raised any concerns about further evaluation.

## II. DISCUSSION

The court hereby adopts the findings from the May 23, 2019 Forensic Evaluation [DE–36]

and concludes that Defendant's condition is not so improved as to permit the proceedings to go forward at this time. *See* 18 U.S.C. § 4241(d). Defendant is now subject to the provisions of 18 U.S.C. § 4246, which provides a process for civil commitment of presently dangerous defendants who are nearing the end of their commitment periods under other statutory provisions. *See* § 4246(a); *see also* § 4241(d) ("If, at the end of the time period specified [under § 4241(d)], it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of [18 U.S.C. § 4246]."); *United States v. Colvin*, No. 5:15-CR-211-FL-1, 2017 WL 432791, at *2 (E.D.N.C. Jan. 31, 2017); *see also United States v. Crumpler*, No. 5:12-CR-173-F-1, 2013 WL 6843009, at *1–2 (E.D.N.C. Dec. 27, 2003).

In light of the nature of Defendant's charges and the seriousness of his symptoms, the court will order an evaluation for possible certification and civil commitment under § 4246. Therefore, Defendant shall be committed for an additional forty-five (45) days to complete the initial § 4246 evaluation. *See* § 4247(b) (providing for a "reasonable [commitment] period, but not to exceed forty-five days" for examination and preparation of an initial § 4246 report/certification).

### III. CONCLUSION

The court DIRECTS the Director of the Federal Medical Center at Butner to evaluate whether Defendant meets the criteria for certification under § 4246(a). Defendant is hereby COMMITTED for an additional forty-five (45) days for the initial § 4246 evaluation.

SO ORDERED, the 27th day of June 2019.

Robert B. Jones, Jr.
United States Magistrate Judge

4