IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-405-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| JESUS ELIEZER GONZALEZ- ) | |
| ACEVEDO, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's objections to the magistrate judge's June 29, 2019, order and incorporated motion for immediate release (DE 39). The government did not respond to the objection and incorporated motion. For the reasons set forth below, the court overrules the objection and denies the motion.

**BACKGROUND**

Indictment filed December 13, 2017, charges defendant with maliciously attempting to damage and destroy, by means of fire, a building that was used in an activity affecting interstate commerce, in violation of 18 U.S.C. § 844(I). On December 19, 2017, the government filed motion for order directing that defendant undergo a competency evaluation pursuant 18 U.S.C. §§ 4241(a), (b) and 4247(b). On December 21, 2017, the magistrate judge granted the government's motion for competency evaluation, and committed defendant to the custody of the Attorney General, for the purpose of conducting the initial competency evaluation.

On May 21, 2018, officials at the Federal Medical Center in Devens, Massachusetts submitted the competency evaluation, which found defendant was not competent to proceed. The

magistrate judge held competency hearing on July 23, 2018. The following day, the magistrate judge entered written order finding by a preponderance of the evidence that defendant is presently suffering from a mental disease or defect rendering him incompetent to stand trial. The magistrate judge then committed defendant to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d), to determine whether there is a substantial probability that he will attain capacity to permit the proceedings to go forward.

On January 23, 2019, a psychologist with the Federal Medical Center in Butner, North Carolina ("FMC-Butner") completed the second competency evaluation. The psychologist opined that defendant remained incompetent to proceed at that time, but noted defendant likely could be restored to competency in the future. FMC-Butner staff requested additional 120-day period of commitment in which they would attempt to restore competency. On January 30, 2019, the magistrate judge entered order finding there was a substantial probability that defendant could be restored to competency within 120 days. The magistrate judge therefore ordered defendant committed to the custody of the Attorney General for 120 days pursuant to 18 U.S.C. § 4241(d)(2).

On June 14, 2019, FMC-Butner staff submitted the third competency evaluation, opining that defendant remained incompetent to proceed. This time, the psychologist opined there was not a substantial probability that defendant's competency could be restored in the foreseeable future. On June 19, 2019, the magistrate judge held telephonic status conference with the parties regarding the third evaluation. On June 27, 2019, the magistrate judge adopted the findings of the evaluation, and found defendant's condition was not so improved as to permit the proceedings to go forward. The magistrate judge also determined that defendant is subject to the provisions of 18 U.S.C. § 4246, and

2

ordered defendant committed to the custody of the attorney general for an additional 45 days for evaluation of whether defendant is subject to civil commitment.[1]

**DISCUSSION**

Federal Rule of Criminal Procedure 59 permits a district judge to refer to a magistrate judge for determination any matter that does not dispose of a charge or offense. Fed. R. Crim. P. 59(a). The magistrate judge may enter order resolving the pretrial matter, and a party may serve and file objections. Id. "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Id.; see also 28 U.S.C. § 636(b)(1)(A).

Defendant argues the June 27, 2019, order committing him for evaluation under 18 U.S.C. § 4246 is "contrary to law" and contravenes due process and equal protection principles. Specifically, defendant asserts the magistrate judge lacked authority to "initiate" an action under § 4246 or otherwise commit him for evaluation of whether he should be civilly committed. (DE 39 at 2-3). Defendant also argues he has been detained "well past a reasonable time to determine if there was a substantial probability that he would attain competency to proceed" in violation of the Due Process Clause and equal protection principles. (Id. at 1).

A.  Statutory Framework

Section 4241 provides that defendant or the government may file motion for hearing to determine competency of a defendant at any time after initiation of a federal criminal prosecution. 18 U.S.C. § 4241(a). The court must grant the motion, or order a hearing on its own motion, if "there is reasonable cause to believe that the defendant may presently be suffering from a mental

---

[1] The June 27, 2019, order states defendant did not object to further commitment for § 4246 evaluation. (DE 38 at 3). In the instant objection, however, defendant states that he objected to the magistrate judge's proposal to commit defendant for further evaluation. (DE 39 at 1).

disease or defect rending him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id. The court may order a psychiatric or psychological examination of defendant prior to the hearing, and commit defendant to the custody of the Attorney General for a period not to exceed 30 days for purposes of this evaluation.[2] See 18 U.S.C. §§ 4241, 4247(b).

If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently incompetent to stand trial, the court "shall commit" defendant to the custody of the Attorney General. 18 U.S.C. § 4241(d). The Attorney General must then hospitalize the defendant in a suitable facility, "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." Id. § 4241(d)(1). At the end of the initial § 4241(d)(1) commitment period, the court may order further commitment pursuant to § 4241(d)(2), "for an additional reasonable period of time until [the defendant's] mental condition is so improved that trial may proceed" but only "if the court finds there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward." Id. § 4241(d)(2). If, at the end of the reasonable period of time specified in the court's § 4241(d)(2) order, "it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248." Id. § 4241(d).

---

[2] The director of the facility where the evaluation occurs may request a 15-day extension of this deadline. 18 U.S.C. § 4247(b).

Section 4246 provides procedures for civil commitment of certain persons in federal custody who are presently suffering from a mental illness and whose release would create a substantial risk of harm to others or their property. 18 U.S.C. § 4246(a). The § 4246 proceeding is instituted when

> the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available . . . .

Id. In the event the foregoing certification is filed, the court shall order a hearing to determine whether the person should be civilly committed. Id. The certification stays the person's release from custody pending a judicial determination of whether the individual should be civilly committed. Id.

B.  Analysis

    1.  18 U.S.C. § 4246(a) evaluation

Defendant's primary argument is that the magistrate judge lacked authority to "initiate" a § 4246 commitment proceeding. In this case, the court's authority to commit a defendant for an initial § 4246 evaluation derives from § 4241(d) and § 4247(b). Section 4241(d), as set forth above, provides that if "at the end of the time period specified [under § 4241(d)(2)], it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248." 18 U.S.C. § 4241(d). And where a defendant is "subject to" the provisions of § 4246, the court has authority to commit him for a period not to exceed 45 days to permit the director of FMC-Butner to evaluate whether it will

5

make the requisite certification. 18 U.S.C. § 4247(b) (providing "the court may commit the person to be examined" under § 4246).

The magistrate judge followed these procedures. On June 27, 2019, the magistrate judge determined defendant was not competent to proceed under § 4241(d), and defendant then became "subject to" the provisions of § 4246. 18 U.S.C. § 4241(d). The June 27, 2019, order thus committed defendant for evaluation of whether he meets criteria for certification under § 4246(a), as permitted under § 4247(b).

As defendant notes, the director of the facility where defendant is hospitalized has ultimate authority to decide whether it will certify defendant as dangerous and thus subject him to possible civil commitment under § 4246. 18 U.S.C. § 4246(a). Section 4246(a), however, does not address the procedures for ordering the initial § 4246(a) certification evaluation. Instead, as set forth above, § 4241(d) and § 4247(b) provide statutory authority for the court to commit defendant for the initial § 4246(a) evaluation in these circumstances. See also United States v. Godinez-Ortiz, 563 F.3d 1022, 1031-32 (9th Cir. 2009) ("In authorizing the director to file a dangerousness certification, § 4246 necessary contemplates the temporary commitment of that person so that the director can conduct the evaluation necessary to make the certification decision.").

Defendant argues United States v. Locklear, 483 F. App'x 842 (4th Cir. 2012) requires that the court dismiss the instant civil commitment proceedings. In Locklear, the director of FMC-Butner refused to certify the defendant was dangerous to others and thus subject to § 4246 commitment. Id. at 844-45. The district court disagreed, ordered that defendant remain in custody, and requested that FMC-Butner officials undertake further § 4246 evaluations. Id. at 845. The United States Court of Appeals for the Fourth Circuit held the district court's decision to commit

6

defendant for additional § 4246 evaluation was an abuse of discretion. As the Fourth Circuit explained:

> [W]ithout a certificate from the director of FMC Butner providing that Locklear "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another," § 4246(a), the district court was without authority to have Locklear held simply because he is not of the same opinion as the doctors charged with making that determination. But this appears to be what the district court attempted to do . . . .
>
> But it is not the province of the district court to make that decision in the first instance. Instead, as previously noted, Congress has conferred that authority only upon the director of FMC Butner. Yet, the director of FMC Butner has refused to make the requisite certification, despite two opportunities to do so.

Id. at 847 (citations omitted).

Locklear is distinguishable because, in this case, the director of FMC-Butner has not yet determined whether he will certify defendant for § 4246 commitment, and thus the court did not order defendant held for further evaluation despite the FMC-Butner director's refusal to certify defendant under § 4246.[3] Furthermore, the court has not "made a decision" that defendant is subject to commitment under § 4246(a). Instead, as set forth above, the court ordered a civil commitment evaluation "at the end" of defendant's § 4241(d) commitment period, as permitted by that statute and § 4247(b). Accordingly, Locklear is inapposite.

    2.    Due Process and Equal Protection

Defendant also argues that he has been held "well past a reasonable time to determine if there was a substantial probability that he would attain competency to proceed" and suggests the length of his detention to determine competency under § 4241(d) violates the Due Process Clause and equal

---

[3] Notably, in their competency evaluations, FMC-Butner officials have stated defendant is subject to evaluation under § 4246 in the event the court finds defendant cannot be restored to competency. (DE 36 at 9; DE 34 at 9).

protection principles. (DE 39 at 1). As set forth above, defendant was subject to competency proceedings from approximately December 21, 2017, until June 27, 2019.

Defendant fails to establish that this period of commitment violated his due process rights. The magistrate judge carefully followed the statutory procedures for determining whether competency could be restored. The first seven months of pretrial delay was necessary to determine whether defendant was competent to proceed to trial. See 18 U.S.C. § 4241(a)-(b); (July 24, 2018, order (DE 32) at 1-2). After the magistrate judge found defendant incompetent to proceed, he was statutorily required to commit defendant for a reasonable period of time, not to exceed four months, to determine whether competency could be restored. 18 U.S.C. § 4241(d)(1). The magistrate judge complied with this directive. (See July 24, 2018, order (DE 32) at 2-3). At the end of the initial period of commitment, the magistrate judge justified defendant's second 120-day commitment by finding there was a substantial probability that defendant would attain competency if committed for that period of time. 18 U.S.C. § 4241(d)(2); (Jan. 30, 2019, order (DE 35) at 2). Defendant's commitment for competency evaluations therefore complied with § 4241, and did not violate the Due Process Clause. See Jackson v. Indiana, 406 U.S. 715, 738 (1972) (noting Due Process Clause requires that "continued commitment [based on competency issues] must be justified by progress toward" goal of restoring competency); United States v. Magassouba, 544 F.3d 387, 417-18 (2d Cir. 2008) (holding 19-month delay while district court addressed competency issues did not violate defendant's due process rights despite technical violations of § 4241(d)'s requirements); United States v. Strong, 489 F.3d 1055, 1062-63 (9th Cir. 2007) (holding commitment that complies with § 4241(d) does not violate Due Process Clause); United States v. Kokoski, No. 94-5700, 1996 WL 181482, at *3 (4th Cir. Apr. 17, 1996) ("In light of the district court's careful adherence to statutory

procedures, we believe that Kokoski's confinement [did not violate due process]."). Defendant also cites no case law, and the court is aware of none, supporting his argument that defendant's commitment violates equal protection principles. Accordingly, defendant has not established that his competency proceedings violated his due process or equal protection rights.[4]

## CONCLUSION

Based on the foregoing, the court OVERRULES defendant's objection to the magistrate judge's June 27, 2019, order, and DENIES defendant's incorporated motion for immediate release (DE 39).

SO ORDERED, this the 23rd day of August, 2019.

                                                  LOUISE W. FLANAGAN
                                                  United States District Judge

---

[4] Furthermore, even assuming a due process violation occurred, the remedy in these circumstances is that the court must hold a hearing to determine whether continued commitment for competency evaluation is appropriate, not dismissal of the indictment or immediate release. See United States v. Timms, 664 F.3d 436, 455 n.19 (4th Cir 2012); Magassouba, 544 F.3d at 411 (holding dismissal of indictment is not an available remedy for unreasonable delay in competency proceedings). Defendant, of course, received a court determination that he is incompetent to proceed in this case.